UNIVERSITY HEALTH CENTER, INC.

v.

UNITED STATES of America.

Civ. A. No. 84–299.

United States District Court,
D. Vermont.

Oct. 7, 1985.

B. Michael Frye, Paul, Frank & Collins, Burlington, Vt., for plaintiff.

M. Ellen Carpenter, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., and Donald J. Rendall, Jr., Asst. U.S. Atty., Rutland, Vt., for defendant.

ORDER

BILLINGS, District Judge.

This matter is before the Court on the cross-motions of plaintiff University Health Center, Inc. (UHC) and the United States of America for summary judgment. The parties have stipulated to the essential facts. For the reasons recited below, the motion of the United States for summary judgment is GRANTED and the motion of UHC is DENIED.

FACTS

In this action, UHC seeks a refund of $52,015.00 of Federal Insurance Contributions Act (FICA) taxes paid or withheld for the years 1980, 1981, 1982 and 1983. Plaintiff UHC is a tax exempt organization under I.R.C. § 501(c)(3). It is exempt from federal income tax pursuant to I.R.C. § 501(a).

Pursuant to I.R.C. § 403(b), during the years 1980, 1981, 1982 and 1983, UHC maintained a retirement annuity plan for its employees. Participating employees accepted a percentage reduction in wages in exchange for contributions made by UHC to purchase annuity contracts. The salary reduction contracts are legally binding and irrevocable with respect to amounts earned during the contractual period. All annuity contributions made by UHC were excluded from the gross income of the employees for federal income tax purposes. Pursuant to I.R.C. § 3402(a), federal income tax withholding did not apply to the payments.

However, under I.R.C. § 403(b)(1), UHC timely paid FICA taxes on all monies contributed to the annuity plans. For the years at issue, UHC paid total FICA taxes of $52,015.00. This sum was made up of FICA taxes paid directly by UHC as the employer, and of FICA taxes withheld from the gross wages of the employees. On or about November 23, 1983, UHC filed with the Internal Revenue Service four claims for refunds for the FICA taxes paid on monies contributed to the annuity plans. UHC claimed the amounts so contributed were not wages for FICA tax purposes. On February 9, 1984, the District Director of the Internal Revenue Service disallowed the claims for refunds.

DISCUSSION

I.R.C. § 403(b) authorizes tax exempt organizations to purchase annuity contracts for their employees. The amount contributed is excluded from the wages of the employee for the purpose of calculating federal income tax. Income tax is deferred until there is a distribution of gross income under the annuity. I.R.C. § 61(a)(9). No FICA tax applies at the time of distribution

of the annuity, as I.R.C. § 3121 excludes annuities from the FICA definition of wages. Rev.Rul. 65–208, 1965–2 C.B. 383, stated that salary reduction amounts used to purchase annuities constituted wages subject to FICA taxes. UHC complied with this ruling during the years at issue.

UHC bases its present position on *Rowan v. United States*, 452 U.S. 247, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981). In that case, the United States Supreme Court held that wages, for both FICA and income tax purposes, did not include amounts expended for meals and lodging furnished to an employee for the convenience of the employer. This case did not extend the FICA exclusion to salary reduction amounts contributed to annuity plans. Subsequently, Congress enacted legislation that codified Rev. Rul. 65–208. Social Security Amendments Act of 1983, Pub.L. No. 98–21, 97 Stat. 65. This law limited the application of *Rowan* to the particular facts of that case. The Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, further clarified *Rowan* by stating that the case could not apply retroactively to any payments of FICA taxes made pursuant to Rev.Rul. 65–208.

These Congressional actions evidence a forthright federal policy to include in wages for FICA purposes any contributions to annuity plans made in lieu of salary payments. Otherwise, employees could, by contract, determine what portion of their remuneration would be subject to the payment of FICA taxes. The majority opinion in *Temple University v. United States*, 769 F.2d 126, (3d Cir.1985) supports this interpretation of the relevant statutes. This Court regards the opinion in *Temple* as controlling, and incorporates the reasoning of the *Temple* majority as part of this opinion.

CONCLUSION

There being no genuine issue regarding any material fact, and defendant being entitled to judgment as a matter of law, the motion of the United States for summary judgment is GRANTED and the motion of UHC for summary judgment is DENIED.