**XAVIER UNIVERSITY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. C–1–84–1151.

United States District Court, S.D. Ohio, W.D.

March 7, 1986.

Michael K. Gire, Columbus, Ohio, David Kapelman, New York City, for plaintiff.

Chris Barnes, Cincinnati, Ohio, Jerome Busch, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

### ORDER

CARL B. RUBIN, Chief Judge.

The parties have agreed to submit this matter to the Court on cross motions for summary judgment because the facts are not in dispute. For the reasons stated below, judgment is for defendant United States of America.

Plaintiff, Xavier University, is a tax-exempt organization. 26 U.S.C. §§ 501(a), 501(c)(3). As such, the Internal Revenue Code (Code) permits it to establish a tax-deferred retirement annuity plan for its employees. *Id.* § 403(b). Under plaintiff's plan, some of its employees agreed to reduce their salaries in exchange for annuity contracts. Section 403(b) of the Code excludes the amount of the salary reduction from the employees' gross income for the year the salary was earned. Eventual distributions from the annuities would then be

reported as income in the years received. 26 U.S.C. § 61(a)(9).

Revenue Ruling 65–208 requires inclusion of the salary reduction amounts in the employees' wage base for the purpose of figuring Federal Insurance Contributions Act (FICA) tax. Rev.Rul. 65–208, 1965–2 C.B. 383. Plaintiff followed Revenue Ruling 65–208 from the beginning of 1979 through the first three quarters of 1983 but now challanges the Ruling and seeks a refund of $121,154.21 plus interest for FICA taxes paid on the salary reduction amounts in question. The $121,154.21 includes money withheld from employees' paychecks as well as plaintiff's contributions.

The issue of whether salary reductions used to purchase annuities are subject to FICA tax was raised recently under precisely the same circumstances as the case at bar. In *Temple University v. United States*, 769 F.2d 126 (3d Cir.1985), a majority of the Court held that such amounts were subject to FICA tax and denied the refund request. In a comprehensive opinion by Judge Rosenn, the Court addressed and persuasively refuted every point raised by the plaintiff herein. *Temple University* has been followed by the only other court to face this issue. *University Health Center, Inc. v. United States*, 622 F.Supp. 88, 89 (D.Vt.1985).

This Court adopts the reasoning of *Temple University* as its basis for denying plaintiff's refund request. It is the holding of this Court that the FICA tax herein was properly paid. Judgment is for defendant.

IT IS SO ORDERED.