NEW ENGLAND BAPTIST
HOSPITAL, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 84–1592–Mc.

United States District Court,
D. Massachusetts.

May 7, 1986.

Donald Wynne, Brookline, Mass., David A. Kapelamn, New York City, Thomas E. Peckham, Barry Allman, Peckham, Nobel, Casey & Tye, Boston, Mass., for plaintiff.

Asst. U.S. Atty. Evan Slavitt, Paul Barker, Tax Div., Dept. of Justice, Washington D.C., for U.S.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This matter is before the Court on the plaintiff's motion for summary judgment, Document 8, in the amount of $48,530.94 and the defendant's motion for summary judgment, Document 11. In support of its motion, the plaintiff has offered the affidavit of Charles Shepardson, the controller of the plaintiff, New England Baptist Hospital. Both parties have submitted memoranda of law and reply memoranda in support of their motions.

In this action, the plaintiff, New England Baptist Hospital ("NEBH"), seeks a refund of $48,530.94 of Federal Insurance Contributions Act ("FICA") taxes paid or withheld for the years 1980–1983. NEBH is a tax exempt organization under I.R.C. § 501(a) and 501(c)(3). During the years 1980–1983, NEBH established and maintained a retirement annuity plan for its employees, pursuant to Internal Revenue Code Section 403(b). In exchange for contributions made by NEBH to purchase annuity contracts, participating employees agreed to accept reductions in their wages.

The contributions made by NEBH on behalf of its employees were excludable, under I.R.C. § 403(b), from their gross income for federal income tax purposes. Under I.R.C. § 61(a)(9), income tax is deferred until the gross income of the annuity is distributed.

In accordance with Revenue Ruling 65–208, 1965–2 C.B. 383, which states that voluntary salary reduction contributions to annuities constitute wages subject to FICA taxes, NEBH withheld and paid $48,530.94 in employer and employee taxes under FICA on the contributions for 1980, 1981 and 1982. On or about November 1, 1983, NEBH filed with the Internal Revenue Service claims for refund for FICA taxes for all quarters of the years 1980, 1981 and 1982 on behalf of itself and its employees.

The plaintiff contends that it is entitled to a refund of the FICA taxes it previously paid because the salary reduction portion of employer contributions to the Section 403(b) annuity plan does not constitute "wages" for social security tax purposes. According to NEBH, the Internal Revenue Service's position that these contributions are not "wages" for income tax withholding purposes, Revenue Ruling 53–181, 1953–2 C.B. 111, and Revenue Ruling 65–209, 1965–2 C.B. 414, but are to be considered "wages" for FICA purposes, Revenue Ruling 65–208, 1965–2 C.B. 383, is contrary to the definition of wages in Section 3121 of the Code and clear Congressional intent dating back to 1939.

The plaintiff relies on the case of *Rowan Companies, Inc. v. United States*, 452 U.S. 247, 263, 101 S.Ct. 2288, 2297, 68 L.Ed.2d 814 (1981), for the proposition that Congress intended that "wages" be defined in the same manner for FICA and Federal Unemployment Tax Act ("FUTA") purposes as for federal income tax withholding purposes. In that case, the employer had provided meals and lodging for its own convenience to employees working on offshore oil rigs. Based upon treasury regulations, the value of the meals and lodging had been excluded from wages for income tax purposes but not for FICA and FUTA

purposes. The Court, however, invalidated the regulations as contrary to Congressional intent. The case did not address, much less extend, the FICA exclusion to salary reduction amounts used to purchase annuity plans.

In the 1983 Social Security Amendments, Congress codified Revenue Ruling 65–208 by changing the definition of wages subject to FICA tax to include retirement plans and contributions funded through salary reduction agreements in the FICA wage base. Pub.L. No. 98–21, 97 Stat. 65, Section 324(a)(2), adding 26 U.S.C. § 3121(a)(5)(E), now 26 U.S.C. 3121(a)(5)(D). Section 328(b)(1) of the Amendments allowed the Internal Revenue Service to interpret wages for FICA purposes differently from wages for income tax purposes, thus subjecting any contributions paid after March 4, 1983 to FICA taxation. In enacting the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494, Congress further limited *Rowan* "by stating that the case could not apply retroactively to any payments of FICA taxes made pursuant to Rev.Rul. 65–208." *University Health Center, Inc. v. United States*, 622 F.Supp. 88, 89 (D.Vt.1985).

The Government distinguishes *Rowan* from the situation in this case in that its position—that contributions made to an annuity plan under salary reduction agreements are subject to FICA tax—is the result of established congressional policies against permitting individuals to elect out of the social security system by diverting a portion of their pay to retirement plans. *See* Rev.Rul. 65–208, *supra* at 385. *See also*, 26 C.F.R. Section 31.3401(a)(12)–1(d) (Payments to individual retirement accounts qualify for exclusion from income tax withholding; no similar provision excludes such payments from the taxable wage base for FICA and FUTA purposes.) While Congress did choose to defer contributions to annuities from present income taxation (although subjecting them to income taxation when the annuities were distributed), it did not intend to grant such

812

voluntary reductions a permanent exemption from FICA taxes. This Court, therefore, will not extend the Supreme Court's decision in *Rowan* to exempt voluntary salary reductions permanently from FICA tax when such reductions are only temporarily excluded from income taxation. As its basis for denying the plaintiff's refund request, this Court adopts the persuasive reasoning of *Temple University v. United States*, 769 F.2d 126 (3rd Cir.1985) which was followed by *University Health Center, Inc. v. United States, supra,* and *Xavier University v. United States,* 633 F.Supp. 15 (S.D.Ohio 1986).

■ The plaintiff also claims that the retroactive application of the amendments is so unfair, harsh and oppressive as to violate the due process clause of the Fifth Amendment. *Welch v. Henry,* 305 U.S. 134, 147, 59 S.Ct. 121, 125, 83 L.Ed. 87 (1938). The practical test for applying the standard enunciated in *Welch* is "whether this taxpayer has had its expectations as to taxation unreasonably disappointed." *Wilgard Realty Co. v. Commissioner of Internal Revenue,* 127 F.2d 514, 517 (2d Cir. 1942). The 1984 Act did not impose any new or unanticipated tax liability either upon NEBH or its employees. Rather it prevented the taxpayers from reaping the benefits of a fairly substantial windfall at the expense of the social security system. Since "the 1983 Act and the 1984 Act were merely curative in the sense that they sought to foreclose the possibility that *Rowan* would affect the rationale and effectivess of Revenue Ruling 65–208," *Canisius College v. United States,* No. 84–1126 E, slip op. at 9 (W.D.N.Y. March 10, 1986), the retroactive aspect of the legislation did not unreasonably change NEBH's anticipated FICA tax liability and thus was not so unfair, harsh or oppressive as to violate the due process clause.

Accordingly, it is hereby ordered that the motion of the United States for summary judgment is granted and the motion of NEBH is denied.