**JOHN CARROLL UNIVERSITY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. C85–1368.

United States District Court, N.D. Ohio, E.D.

June 10, 1986.

Steven H. Slive, Slive and Slive, Cleveland, Ohio, David A. Kapelman, New York City, for plaintiff.

Robin L. Greenhouse, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before this Court are the cross-motions for summary judgment of plaintiff John Carroll University ("the University") and defendant United States of America ("the government"). For the reasons set forth below, the government's motion is granted, the University's motion is denied, and the complaint is dismissed.

Jurisdiction rests on 28 U.S.C. §§ 1331, 1340 and 1346(a)(1).

### I.

The facts are not disputed. John Carroll University is a not-for-profit organization exempt from federal income taxes under 26 U.S.C. §§ 501(a) and 503(c)(3) of the Internal Revenue Code (the "Code"). Pursuant to 26 U.S.C. § 403(b), the University established a retirement annuity plan for its employees. Under the plan, participating employees agreed to take future salary reductions in exchange for contributions by the University on their behalf toward the purchase of annuity contracts. Pursuant to Rev.Rul. 65-208, 1965-2 C.B. 383, the University paid employer taxes under the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. §§ 3101 et seq., and withheld employee FICA taxes pursuant to §§ 3111 and 3101 for the years in question. However, the University's contributions under the employee retirement annuity plan were excludable from the employees' gross income for federal income tax purposes.

■ In 1981, the Supreme Court held in *Rowan Companies v. United States*, 452 U.S. 247, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981), that the term "wages" must be interpreted consistently for purposes of both income tax withholding and FICA. On April 14, 1983 and March 11, 1985, the University timely filed claims for refunds of FICA taxes paid for the years 1979 and 1981–83, respectively. The Internal Revenue Service ("the IRS") disallowed the University's claim for 1979 and, according to the complaint, has not yet rendered a decision upon the University's claim for 1981–83.[1] The University brings this suit for a refund of FICA taxes paid for the years 1979 and 1981–83 in the amount of approximately $79,147.95 plus statutory interest.

### II.

Fed.R.Civ.P. 56(c) governs summary judgment motions and provides:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

Important guidance on the nature of materials properly presented in a summary judgment pleading is contained in Fed.R. Civ.P. 56(e):

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as other-

---

1. In its Memorandum in Support, the government states that the IRS disallowed the refund claims with respect to the years 1981–83. The government correctly points out that in the absence of a final decision by the IRS this Court would lack jurisdiction over this case under Code Section 6532(a)(1).

wise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Hasan v. CleveTrust Realty Investors, Inc.*, 729 F.2d 372 (6th Cir.1984). "[T]he party seeking summary judgment must *conclusively* show that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Bender v. Southland Corp.*, 749 F.2d 1205, 1210 (6th Cir.1984) (citing *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979)) (emphasis in original). The Sixth Circuit has reiterated repeatedly that "no issue is immune from summary judgment." *Heheman v. E.W. Scripps Co.*, 661 F.2d 1115, 1127–28 (6th Cir.1981), *reh'g denied*, 668 F.2d 878 (6th Cir.), *cert. denied*, 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1982); *Shavrnoch v. Clark Oil and Refining Corp.*, 726 F.2d 291, 293 (6th Cir.1984); *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir.1983); *Bender v. Southland Corp.*, 749 F.2d at 1210.

### III.

■ This case presents an issue of first impression in this Circuit: whether taxpayers acting pursuant to salary reduction agreements are exempt from FICA taxes paid on amounts contributed prior to January 1, 1984, toward the purchase of retirement annuities. This Court, however, by no means writes on a clean slate. In *Temple University v. United States*, 769 F.2d 126 (3d Cir.1985), *petition for cert. filed*, 54 U.S.L.W. 3584 (U.S. Feb. 21, 1986) (No. 85–1401), the Third Circuit thoroughly analyzed the statutes, legislative histories, the *Rowan* decision, and the same arguments which have been made by counsel in this case, and decided that the taxpayer was not entitled to a refund of FICA taxes paid.

The *Temple* court recognized that the definition of "wages" under FICA prior to amendment in 1983 excluded amounts paid by employers for retirement annuities. In 1965, however, the IRS took the position that amounts withheld pursuant to a salary reduction agreement, as opposed to salary supplements, are to be included in the employees' taxable wage base for FICA tax purposes, even though the amounts withheld are excluded from gross income for federal income tax purposes. Congress codified Rev.Rul. 65–208 in the Social Security Amendments of 1983 ("the 1983 Act"), Pub.L. No. 98–21, 97 Stat. 65. *Temple*, 769 F.2d at 129 (citing S.Rep. No. 23, 98th Cong., 1st Sess. 41, *reprinted in* 1983 U.S. Code Cong. & Ad. News 143, 182) ("S.Rep."). A primary reason for the inclusion of retirement annuity contributions in the FICA wage base is that "[o]therwise, individuals could, in effect, control which portion of their compensation was to be included in the social security wage base." 769 F.2d at 130 (quoting S.Rep. at 40, 1983 U.S. Code Cong. & Ad. News at 181).

The *Temple* court further recognized that the amendments were enacted in part to offset the *Rowan* decision. Thus, the "decoupling" provision of the 1983 Act provides that "Nothing in the regulations prescribed for purposes of chapter 24 (relating to income tax withholding) which provides an exclusion from 'wages' as used in such chapter shall be construed to require a similar exclusion from 'wages' in the regulations prescribed for purposes of this chapter [relating to FICA taxes]". Section 327(b)(1) of the 1983 Act (codified at § 3121(a), *quoted in Temple*, 769 F.2d at 131). Moreover, specific amendments effectively codified Rev.Rul. 65–208. *See* 769 F.2d at 131.

Although the 1983 Act responded to the *Rowan* decision and codified Rev.Rul. 65–208, the amendments were applicable only to retirement plan payments made after December 31, 1983. However, in 1984 Congress amended the 1983 Act by changing

the effective date of the *Rowan* decoupling provision, making it applicable to remuneration paid on or before March 4, 1983. Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 2662(g) 98 Stat. 494, 1160 ("the 1984 Act"). While it did not make the specific amendments codifying Rev.Rul. 65–208 retroactive, the legislative history of the 1984 Act "demonstrates that Congress clearly intended to bar the type of refund sought by the plaintiff here." *Temple,* 769 F.2d at 132 (citing H.R.Rep. No. 432, 98th Cong., 1st Sess. 1658, *reprinted in* 1984 U.S. Code Cong. & Ad. News 697, 1280–81). The Third Circuit therefore found that Congress' failure to make the specific § 3121 amendments (effectively codifying Rev.Rul. 65–208) retroactive was not supportive of plaintiff's claim for a refund.

The *Temple* court next considered plaintiff's *Rowan*-based argument. The court concluded that because Congress expressly overruled Rowan's holding as it applied to FICA taxes on salary reduction retirement plans, the plaintiff had the burden of showing that Congress acted unconstitutionally in retroactively overruling the Supreme Court's decision. After summarily disposing of the plaintiff's argument that Congress violated the equal protection clause by distinguishing employers who had not complied with Rev.Rul. 65–208, the Third Circuit turned to the more problematical issue: whether Congress had violated the due process clause by imposing a retroactive tax.

The court first made three preliminary observations: (1) retroactive legislation does not violate the due process clause "if it is justified by a rational legislative purpose", *Temple,* 769 F.2d at 134 (citing *Pension Benefit Guaranty Corp. v. R.A. Gray & Co.,* 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984)); (2) retroactively applied "curative" legislation is normally entitled to a liberal construction, 769 F.2d at 134 (citing *Goddard v. Frazier,* 156 F.2d 938, 942 (10th Cir.1946); 2A C. Sands, Sutherland Statutory Construction § 41.11, at 290 (4th ed. 1973)); and (3) relatively greater tolerance is afforded to retroactive legislation which coincides with longstanding public policy, 769 F.2d at 134 (citing *United States v. Perry,* 431 F.2d 1020, 1024 (9th Cir.1970)).

The court then addressed plaintiff's argument that tax liability cannot be imposed for years prior to the year preceding the passage of the legislation, without offending due process. The Third Circuit observed that the Supreme Court "has never actually prohibited such retroactivity," but has instead "spoken only in vague terms, permitting an income tax statute to be retroactively applied to 'recent transactions.'" *Temple,* 769 F.2d at 135 (quoting *Welch v. Henry,* 305 U.S. 134, 150, 59 S.Ct. 121, 127, 83 L.Ed. 87 (1938)). The court then adopted the guidelines set forth in *Welch:* "In each case it is necessary to consider the nature of the tax and the circumstances in which it is laid before it can be said that its retroactive application is so harsh and oppressive as to transgress the constitutional limitation." *Temple,* 769 F.2d at 135 (quoting *Welch* 305 U.S. at 147, 59 S.Ct. at 126). The court also relied on the Second Circuit's observation that:

> The decisive test in this instance is whether this taxpayer has had its expectations as to taxation unreasonably disappointed.... [R]etroactive taxation is not so arbitrary and oppressive as to be unconstitutional if it is no more burdensome than the taxpayer should have expected it to be when he did the thing which created the tax liability.... And when it is not, whether the period of retroactivity is comparatively long or short is of little consequence provided it isn't too long to be within reason.

*Temple,* 769 F.2d at 135 (quoting *Wilgard Realty Co. v. Commissioner,* 127 F.2d 514, 517 (2d Cir.1942)).

Upon this authoritative basis, the Third Circuit concluded:

> In the instant case, Congress believed that the broad holding of *Rowan* contravened the policies and principles underlying the statutory schema and philosophy of our social security and Medicare sys-

tems. It therefore overruled that holding and codified Rev.Rul. 65–208—a ruling that had been applied and enforced for over fifteen years. Even this plaintiff had conformed to it in making its reports and paying its FICA taxes quarter-annually year after year, including for a significant period *after* the *Rowan* decision. Thus, it can hardly be said that the plaintiff had its tax expectations unreasonably disappointed or that it is a victim of oppressive taxation as a result of the legislation overruling *Rowan*. The 1984 Act, as demonstrated by its legislative history, merely averts the potentially disruptive effect of the *Rowan* decision on the multitude of transactions properly reported by taxpayers in accordance with the applicable rule of law at the time. The statute imposes neither a new nor an unforeseeable or unexpected tax liability on either the employer or its employees. Thus, we believe that retroactive application of the statute under the circumstances we have here "is not so arbitrary and oppressive as to be unconstitutional." We therefore reject plaintiff's alternative argument based on *Rowan*.

*Temple,* 769 F.2d at 135 (citations omitted) (emphasis in original).

*Temple University v. United States* is the first reported decision to have considered the issue of tax refunds of the kind sought by John Carroll University. At least one district court has followed the Third Circuit. *University Health Center, Inc. v. United States,* 622 F.Supp. 88 (D.C. Vt.1985). This Court is persuaded by the Third Circuit's careful analysis and rules consistently with its holding. Accordingly, the University's claim must be dismissed.

### IV.

Based on the above discussion, the government's motion for summary judgment is granted, the University's cross-motion for summary judgment is denied, and the complaint is dismissed.

IT IS SO ORDERED.