**CHILDREN'S HOSPITAL NATIONAL MEDICAL CENTER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 85–2086.

United States District Court, District of Columbia.

Nov. 25, 1986.

Brian R. Zapp, Wilkinson & Zapp, Hyattsville, Md., for plaintiff.

Edward J. Snyder, Michael J. Kearns, Asst. U.S. Attys., District of Columbia, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

SPORKIN, District Judge.

This case is before me on cross-motions for summary judgment. At issue is whether the plaintiff, a not-for-profit hospital, is entitled to a refund of a certain portion of Federal Insurance Contributions Act ("FICA"), 26 U.S.C. § 3101 *et seq.*, taxes paid on behalf of itself and certain of its employees for the years 1980 and 1981.

The claim for refund arises out of employment taxes paid in connection with plaintiff's operation of a so-called 403(b) tax deferred annuity program. *See* 26 U.S.C. § 403(b). The Internal Revenue Service ("IRS") has long held that salary reduction amounts used to purchase these tax-deferred annuities were "wages" subject to FICA taxes, although *not* "wages" for employee income tax purposes. *See* Revenue Ruling 65–208, 1965–2 C.B. 383. In *Rowan Companies, Inc. v. United States,* 452 U.S. 247, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981), the Supreme Court appeared to overturn this Revenue Ruling by holding that Congress intended the definition of wages for FICA purposes to be the same as the definition of wages for income tax purposes.

Two years later, Congress reaffirmed that it stood by the Internal Revenue Service's original interpretation of its intention by clarifying that the definition of wages subject to FICA taxes included these types of payments, *see* 26 U.S.C. 3121(a)(5)(D), and by reiterating that it agreed with the IRS's interpreting "wages" for income tax purposes differently from "wages" for FICA purposes. *See* 26 U.S.C. § 3121(a)(20) Because there was later some confusion about the effective date of these pronouncements, Congress made it clear that this interpretation had been its intention all along. *See* Section 2662(g) of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 2662(g) 98 Stat. 494, 1160. Nonetheless, Section 403(b) employers began suing, seeking a refund for the time

period between the *Rowan* case and Congress's subsequent 1983 changes in the Code.

Despite the creativity of plaintiff's argument, it has met with little success. The precise issue presented in this case has been decided in favor of the government by the United States Court of Appeals for the Second Circuit in *Canisius College v. United States,* 799 F.2d 18 (2d Cir.1986), and by the United States Court of Appeals for the Third Circuit in the case of *Temple University v. United States,* 595 F.Supp. 94 (E.D. Pa.1984); *aff'd* 769 F.2d 126 (3d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2914, 91 L.Ed.2d 544, 54 U.S.L.W. 3823 (1986). In addition, a number of District Courts have also decided the issue in favor of the United States. *See e.g., Xavier University v. United States,* 633 F.Supp. 15 (S.D.Ohio 1986), *appeal pending,* No. 86–3328 (6th Cir.1986); *New England Baptist Hospital v. United States,* 634 F.Supp. 810 (D.Mass. 1986); *Trustees of Mease Hospital, Inc. v. United States,* No. 85–1330–Civ–T–13 (M.D.Fla. July 11, 1986).

After having thoroughly reviewed the record and the briefs of the parties, I likewise choose to decide the case in favor of the United States. I am particularly persuaded by the reasoning of Judge Rosenn in the *Temple University* case, *supra.* Additionally, I think it is important to note that to accept the plaintiff's position would result in the taking away of at least partial social security coverage from certain of plaintiff's employees, a result I am not anxious to reach.

Accordingly, the United States's motion for summary judgment will be granted and the motion for summary judgment by the plaintiff will be denied. An appropriate order accompanies this opinion.