**MICHAEL REESE HOSPITAL AND MEDICAL CENTER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 86 C 4074.

United States District Court, N.D. Illinois, E.D.

May 2, 1988.

David A. Kapelman, New York City, for plaintiff.

Seth G. Heald, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

The parties have submitted cross-motions for summary judgment that are dispositive of plaintiff's entire claim for tax refunds. For the following reasons, the court grants defendant's motion.

### Facts

The facts are not in dispute. Plaintiff is a tax-exempt organization under Sections 501(a) and 501(c)(3) of the Internal Revenue Code of 1954, as amended ("Code"), 26 U.S.C. § 1 *et seq.* Pursuant to Code Section 403(b), plaintiff established a tax-deferred retirement annuity plan for its employees. Participating employees accepted reductions in their wages in exchange for plaintiff's purchase of annuity contracts.

Section 403(b) excludes from the employee's taxable income the amount of the salary reduction until the gross income of the annuity is distributed.

Revenue Ruling 65–208 provides that salary-reduction amounts for the purchase of tax-deferred annuities, although not considered "wages" for employee income tax purposes, constitute "wages" subject to taxes under the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. § 3101 *et seq.* Rev.Rule 65–208, 1965–2 C.B. 383. Plaintiff followed Revenue Ruling 65–208 and timely paid and withheld FICA taxes in the amount of approximately $63,955.70 for the years 1979 and 1980. On June 2, 1983, plaintiff timely filed with the Internal Revenue Service ("IRS") a request for a refund of the amount it paid for 1979, plus statutory interest. Plaintiff subsequently filed a claim for its 1980 payments. The IRS has disallowed plaintiff's claim for a refund of the taxes paid in 1980 but has not rendered a decision regarding the 1979 taxes. Plaintiff brought this action to reclaim both its 1979 and 1980 payments.

### Background

Before addressing the merits of the cross-motions, it is necessary to summarize the impact upon plaintiff's claim of a Supreme Court decision and certain legislative actions. In 1939, Congress amended the Code to exclude from FICA wages:

the amount of any payment (including any *amount paid by an employer for* insurance or *annuities,* or into a fund, to provide for any such payment) made to, or on behalf of, an employee or any of his dependents under a plan or system established by an employer which makes provision for his employees generally ... *on account of—*

(A) *retirement....*

*Canisius College v. United States,* 799 F.2d 18, 20–21 (2nd Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1887 (1987), *citing* 26 U.S.C. § 3121(a)(2) (emphasis added in original). In 1965, however, the IRS issued Revenue Ruling 65–208, which specified that although amounts paid by an employer for annuity contracts under a salary reduc-

tion plan were "contributed" by an employer and thus exempt under Section 403(b) from income tax, they were not amounts "paid by an employer" and therefore were subject to the FICA tax. *Canisius, supra,* 799 F.2d at 21.

In *Rowan Companies, Inc. v. United States,* 452 U.S. 247, 263, 101 S.Ct. 2288, 2297, 68 L.Ed.2d 814 (1981), the Supreme Court held that absent legislative language and history to the contrary, the definition of wages must receive identical interpretation for purposes of FICA, Federal Unemployment Tax Act (FUTA) and income-tax withholding. The *Rowan* court invalidated a Treasury regulation that required employers to count the value of tax-exempt food and lodging in FICA and FUTA wages, although that value was not similarly included in wages for income-tax withholding purposes.

Partially in response to *Rowan,* Congress enacted the Social Security Amendments of 1983, Pub.L. No. 98–21, 97 Stat. 65 (the "1983 Act"). *Temple University v. United States,* 769 F.2d 126, 131 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1182, 106 S.Ct. 2914, 91 L.Ed.2d 544 (1986). The 1983 Act incorporated Revenue Ruling 65–208 into the Code because Congress apparently anticipated that after *Rowan,* annuity reductions no longer could be treated by Revenue Ruling 65–208 as wages for purposes of FICA but not income-tax withholding. *Canisius, supra,* 799 F.2d at 21. Among other amendments, Congress "decoupled" the definitions of FICA and FUTA wages from the interpretation of wages for income tax purposes. *Ibid.* This provision applied to remuneration paid after December 31, 1983. 1983 Act, § 237(d)(1), 97 Stat. 127. In 1984, Congress via the Deficit Reduction Act of 1984 ("1984 Act") altered the effective date of the "decoupling" provision and provided that it:

> shall apply to remuneration ... paid after March 4, 1983, and to any such remuneration paid on or before such date which the employer treated as wages [for FICA purposes] when paid.

*Canisius, supra,* 799 F.2d at 22, *citing* Pub.L. No. 98–369, § 2662(g), 98 Stat. 494, 1160 (codified at Section 3121 of the Code).[1]

### Discussion

Plaintiff's position is that *Rowan* in effect overruled Revenue Ruling 65–208, thereby entitling plaintiff to a refund of taxes it had paid pursuant to that rule. Plaintiff contends that defendant cannot apply the 1983 and 1984 Acts retroactively to validate the revenue ruling and refuse the refund. According to plaintiff, this would violate constitutional separation of powers principles and infringe upon plaintiff's fifth amendment rights to due process and equal protection.

### Due Process

Plaintiff's main argument is that the 1984 Act violates due process by imposing a new tax, creating a liability that formerly did not exist. According to plaintiff, Revenue Ruling 65–208 did not reflect congressional intent before 1983, when the ruling was incorporated into the Code. Courts addressing claims similar to plaintiff's have agreed, holding that when Congress in 1939 enacted the provision covering FICA exclusions, it intended to include payments made under salary reduction plans. *Canisius, supra,* 799 F.2d at 22–23; *accord New England Baptist Hospital v. United States,* 807 F.2d 280, 282–283 (1st Cir.1986). Both the First and Second Circuits therefore concluded that Revenue Ruling 65–208 incorrectly interpreted the law. *Canisius, supra,* at 23, *New England Baptist, supra,* at 283. The courts also found the revenue ruling inconsistent with the *Rowan* requirement of identical treatment of wages for FICA and income-tax purposes. *Canisius, supra,* 799 F.2d at 23; *New England Baptist, supra,* 807 F.2d at 282. The Third Circuit reached a contrary result in *Temple, supra,* 769 F.2d 126. Therefore, the circuits that have addressed Revenue Ruling 65–208 are split on the issue of its validity after *Rowan.*

■ Despite differing views on the revenue ruling, however, all three circuits

---

1. A full review of the 1983 amendments, although not necessary for purposes of this dis-

cussion, is found in *Canisius, supra,* 799 F.2d at 20–22.

agree that the 1984 Act does not abridge due process. A retroactive statute is unconstitutional on this ground only when its application is "harsh and oppressive," or arbitrary. *Canisius, supra,* 799 F.2d at 25, *citing Welch v. Henry,* 305 U.S. 134, 137, 59 S.Ct. 121, 83 L.Ed. 87 (1938). A factor to consider in judging whether retroactive application is harsh and oppressive is whether it abolishes a vested right. *Canisius, supra,* 799 F.2d at 25 (citations omitted). The *Canisius* court found that a plaintiff claiming refunds of payments made pursuant to Revenue Ruling 65–208 has no basis for claiming a vested right to a refund, in the absence of a final judgment establishing such a right. *Id.* at 26; *accord Robert Morris College v. United States,* 11 Cl.Ct. 546, 553 (1987).

Another factor in assessing the constitutionality of a statute is "whether the taxpayer relied upon prior law so that, had he been able to foresee enactment of the legislation, he would have acted to avoid the tax." *Canisius, supra,* 799 F.2d at 26 (citations omitted). However, in reference to payments made under Revenue Ruling 65–208, the 1984 Act merely ratified longstanding Treasury policy that plaintiff had no reason to question before *Rowan. Temple, supra,* 769 F.2d at 135; *accord Canisius, supra,* 799 F.2d at 26, *New England Baptist, supra,* 807 F.2d at 285. The *Canisius* court found that:

> Ruling 65–208 was promulgated in 1965, and nothing suggests that taxpayers, in planning employee benefit programs, relied on an assumption that amounts paid under salary reduction plans in 1980 would escape FICA taxation.

799 F.2d at 26. In the instant case, plaintiff duly paid FICA taxes on the annuity reductions and did not claim refunds until after *Rowan.* Therefore, plaintiff's inability to collect refunds it never expected does not signify that the statute violates due process.

■ Yet another factor impinging upon the determination of a statute's harsh or oppressive application is the length of the period affected. The *Canisius* court found retroactivity of the 1984 provision to the year 1980 permissible, especially because the length of the period was only one of several factors considered. *Canisius, supra,* 799 F.2d at 27. The *Temple* court likewise found the period of retroactivity acceptable even as to a claim for refunds of 1979 FICA payments. *Temple, supra,* 769 F.2d at 135. In support, the court determined that the length of the period was reasonable because the 1984 Act merely codified a revenue ruling in force for over fifteen years and observed by the plaintiff. *Ibid.* Also, the 1984 Act had a curative purpose, and curative legislation should be liberally construed. *Canisius, supra,* 799 F.2d at 27, *citing Temple, supra,* 769 F.2d at 134. Therefore, the length of the retroactivity period here does not aid plaintiff's due process argument. In light of the ample authority that found no violation of due process, this court similarly finds that the retroactive application of the 1984 Act to deny plaintiff's refund claims does not infringe upon plaintiff's due process rights.

An additional argument that plaintiff makes concerning due process must be addressed. Plaintiff incorrectly analogizes to *Netsky v. United States,* 652 F.Supp. 783 (E.D.Pa.1986) (*appeal docketed* No. 86–1616, 3rd Cir. October 6, 1986). *Netsky* involved a claim for a refund of estate taxes paid on "project notes," or certain state and local agency obligations, issued under the Housing Act of 1937, 50 Stat. 888 *et seq.* ("Housing Act"). Project notes were considered exempt from income tax, but not estate tax, until the court in *Haffner v. United States,* 585 F.Supp. 354 (N.D.Ill.1984), *aff'd* 757 F.2d 920 (7th Cir. 1985) held that the notes were exempt from estate taxes, pursuant to Congressional intent manifested in Section 11(b) of the Housing Act. *Netsky, supra,* 652 F.Supp. at 784. After *Haffner,* the Deficit Reduction Act of 1984 ("1984 Act") retroactively eliminated the estate tax exemption. The *Netsky* court then invalidated the retroactive application of the 1984 Act on the basis that it changed congressional intent by making project notes subject to taxes for the first time. *Netsky, supra,* 652 F.Supp. at 786. However, the Supreme Court re-

cently determined that Section 5(e) of the Housing Act, 50 Stat. 890, as amended, 42 U.S.C. § 1437c(e), does not exempt project notes from federal estate taxation. *United States v. Wells Fargo Bank,* — U.S. —, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988) consolidated with *Rosenberg v. United States,* 86 USTC 13,703 (C.D.Cal.1986) (reversed). The court found that *Haffner* and its progeny incorrectly relied upon alleged congressional intent to exempt project notes from taxation, in contravention of Section 5(e). *Id.* at —, 1183–84. Therefore, the court did not need to reach the question of the 1984 Act's constitutionality. *Ibid.* Accordingly, plaintiff's resort to analogous authority for finding the 1984 Act unconstitutional is unavailing.[2]

*Equal Protection*

■ Plaintiff also posits that the retroactive validation of the FICA tax violated the fifth amendment's equal protection component of the due process clause. Plaintiff asserts that the 1984 Act impermissibly created two classes of taxpayers, those who paid taxes pursuant to Revenue Ruling 65–208 and those who ignored that rule yet are not subject to a retroactive bar on refunds. However, as the *Temple* court observed, the legislative history of the 1984 Act disclaims any intent to uphold failures to withhold FICA taxes. *Temple, supra,* 769 F.2d at 134. The House Report explicitly states that:

> The committee intends no inference as to the treatment of amounts paid on or before March 4, 1983, which the employer did not treat as wages [for FICA purposes] when paid.

*Temple, supra,* 769 F.2d at 132 *citing* H.R. Rep. No. 432, 98th Congress, 1st Sess. 1658, *reprinted in* 1984 U.S.Code Cong. & Ad. News 697, 1280–81 (footnotes omitted). The court thus found that the Act does not foreclose the Government from suing noncomplying employers to recover taxes due. Because the Act does not impose differing tax liabilities on employers who did and did not pay the tax, plaintiff's right to equal protection has not been violated.

*Separation of Powers*

Plaintiff argues that the retroactive imposition of the decoupler provision amounted to an unconstitutional violation of separation of powers principles because Congress overruled *Rowan* and the Supreme Court's treatment of wage definitions similarly. However, this contention is without merit. *Canisius, supra,* 799 F.2d at 26 n. 11. First, the 1984 Act did not impair the judgment in *Rowan. Canisius, supra,* 799 F.2d at 26 n. 11. Rather, Congress codified *Rowan* by providing that the value of the meals and lodging addressed in *Rowan* are excluded from FICA and FUTA wages. *Id.* at 21 *citing* 26 U.S.C. §§ 3121(a)(19) (Supp. I 1983), 3306(b)(14). Therefore, Congress did not overturn the specific holding in *Rowan* but instead overturned the *general premise* of *Rowan* by enacting the decoupling provisions. *Canisius, supra,* 769 F.2d at 21.

Moreover, plaintiff cannot successfully claim a violation of the separation of powers doctrine under the theory that Congress affected a rule of decision in a particular case. *Temple, supra,* 769 F.2d at 134 n. 4, *citing United States v. Klein,* 80 U.S. (13 Wall.) 128, 148, 20 L.Ed. 519 (1871) and *United States v. Sioux Nation of Indians,* 448 U.S. 371, 404, 100 S.Ct. 2716, 2735, 65 L.Ed.2d 844 (1979). Because the 1984 Act was not directed against any cases, it cannot be found that the intent and impact of the 1984 Act was interference with the judicial function. *Canisius, supra,* 799 F.2d at 26 n. 11; *accord Robert Morris College, supra,* 11 Cl.Ct. at 553.

■ Further, plaintiff's reliance upon *Forbes Pioneer Boat Line v. Board of Commissioners,* 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1922) for the proposition that retroactive application of a statute is unconstitutional is unavailing. *Forbes* and

---

**2.** Even assuming the continued viability of the determination in *Netsky* that the retroactive application of the 1984 Act is unconstitutional, plaintiff cannot gain support from that authority. In *Netsky,* the court used the *Temple* test to find that as to the project notes, a new tax was imposed. *Netsky, supra,* 652 F.Supp. at 786. Yet, as discussed *supra,* the same test when applied to the retroactive imposition of a tax on annuity reductions yields a contrary result.

other principle cases struck down retroactive abridgement of statutes when those statutes had created vested rights. *See Hammond v. United States*, 786 F.2d 8, 11 (1st Cir.1986). As the *Canisius* court explained, *Forbes* does not apply where, as here, the plaintiff has no final judgment or other vested right establishing the right to a refund. *Canisius, supra,* 769 F.2d at 26. Accordingly, plaintiff's separation of powers argument fails.

### Conclusion

It must be noted that no court examining post–*Rowan* claims for refunds of FICA taxes paid pursuant to Revenue Ruling 65–208 has found in favor of a plaintiff.[3]

Plaintiff has not raised any arguments that have not been previously examined and repudiated by other courts. This court also rejects plaintiff's contentions. Accordingly, plaintiff's motion for summary judgment is denied, and the cross-motion of defendant is granted. Judgment is hereby entered for defendant. This cause is dismissed with prejudice and without costs.

---

**3.** In addition to *Temple, supra, Canisius, supra,* and *New England Baptist, supra,* courts denied the claims in the following cases: *University Health Center, Inc. v. United States,* 622 F.Supp. 88 (D.Vt.1985), *appeal dismissed,* No. 85–5340 (2d Cir. Dec. 31, 1985); *Xavier University v. United States,* 633 F.Supp. 15 (S.D.Ohio 1986), *appeal dismissed,* No. 86–3328 (6th Cir. Sept. 5, 1986); *John Carroll University v. United States,* slip op. No. C85–1368 (N.D.Ohio June 10, 1986); *Children's Hospital National Medical Center v. United States,* 651 F.Supp. 712 (D.D.C.1986); and *Robert Morris College v. United States,* 11 Cl.Ct. 546 (1987).